IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**TAMIKA WILLIAMS**                                                                            **PLAINTIFF**

**v.**                                     **Case No. 4:23-cv-00558 KGB**

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY**                                                      **DEFENDANT**

**ORDER**

Before the Court are several pending motions. Plaintiff Tamika Williams filed a motion to amend her complaint, and defendant State Farm Automobile Insurance Company ("State Farm") filed a response (Dkt. Nos. 8; 13). Ms. Williams filed a motion to remand to state court, and State Farm filed a response (Dkt. Nos. 11; 17). State Farm filed a motion to strike Ms. Williams' amended complaint to which Ms. Williams did not respond (Dkt. No. 15). Finally, Ms. Williams filed a motion for hearing, and State Farm filed a response (Dkt. Nos. 21; 22).

**I.**      **Background**

Ms. Williams filed her original complaint on May 9, 2023, in Pulaski County Circuit Court (Dkt. No. 8, ¶ 1). She filed an amended complaint on May 10, 2023 ("First Amended Complaint"), to attach the insurance policy to the original complaint (*Id.*, ¶ 2). In her First Amended Complaint, Ms. Williams seeks, among all other appropriate relief to which she is entitled, "$75,000.00 of her underlying UIM limits ($250,000.00); pre and post judgment interest at the maximum rate allowed by law; 12% penalty of the awarded damages, and reasonable attorney's fees and costs. . . ." (Dkt. No. 3, at 7). On June 13, 2023, State Farm answered the First Amended Complaint and removed the case from Pulaski County Circuit Court to this Court (*Id.*, ¶ 3).

On June 22, 2023, Ms. Williams filed another amended complaint (Dkt. No. 7) ("Second Amended Complaint"), and she filed separately a motion for leave to amend her complaint a second time (Dkt. No. 8). In her motion for leave to amend, Ms. Williams states that she seeks to amend "her complaint solely to reduce the amount in controversy in section IX, paragraphs 32–34 of her proposed Second Amended Complaint, to $75,000.00, exclusive of interests and costs, to remove diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446." (Dkt. No. 8, ¶ 5). Then, on June 30, 2023, Ms. Williams filed a motion for remand on the grounds that, after the filing of the Second Amended Complaint, the amount in controversy would be less than required for diversity jurisdiction (Dkt. Nos. 11; 12, at 3). State Farm responded in opposition to both of Ms. Williams' motions and moved to strike Ms. Williams' Second Amended Complaint (Dkt. Nos. 13; 15; 17). Ms. Williams did not respond to State Farm's motion to strike but did file a separate motion requesting a hearing on her motions for leave to amend and for remand (Dkt. No. 21). State Farm responded in opposition (Dkt. No. 22).

**II.   Analysis**

"It is axiomatic the court's jurisdiction is measured either at the time the action is commenced or . . . at the time of removal." *Schubert v. Auto Owners Ins. Co.*, 649 F.3d 817, 822 (8th Cir. 2011). The sum claimed by the plaintiff is usually dispositive. *Id.* "The claim, whether well or ill founded in fact, fixes the right of the defendant to remove, and the plaintiff ought not to be able to defeat that right and bring the cause back to the state court at his election." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938). *See also Core v. Sw. Bell Tel. Co.*, 847 F.2d 497, 498 (8th Cir. 1988) (affirming a district court's denial of plaintiffs' motion for remand despite plaintiffs' post-removal amendment reducing damages sought below the amount

2

in controversy requirement). Ms. Williams in her First Amended Complaint seeks relief in an amount that exceeds that required for federal jurisdiction (Dkt. No. 3, at 7). Ms. Williams cannot through a post-removal filing deprive this Court of jurisdiction by amending further her complaint to reduce damages sought below the amount in controversy requirement. The Court denies Ms. Williams' motion to remand to state court (Dkt. No. 11).

In regard to her Second Amended Complaint, State Farm had already answered Ms. Williams' First Amended Complaint when Ms. Williams filed her Second Amended Complaint and separate motion seeking leave to file it (Dkt. Nos. 7; 8). Further, Ms. Williams had already amended her complaint once before filing her Second Amended Complaint. Therefore, pursuant to Federal Rule of Civil Procedure 15(a)(2), Ms. Williams required State Farm's written consent or the Court's leave to file her Second Amended Complaint. She had neither State Farm's written consent nor the Court's leave to do so. In fact, State Farm filed a notice opposing the filing (Dkt. No. 9). As a result, the Court grants State Farm's motion and strikes Ms. Williams' Second Amended Complaint (Dkt. Nos. 7; 15). The Court denies without prejudice Ms. Williams' motion for leave to file her second amended complaint (Dkt. No. 8). If Ms. Williams persists in her request to amend her complaint again, she may renew her motion to do so.

### III. Conclusion

The Court therefore denies Ms. Williams' motion for remand (Dkt. No. 11). The Court grants State Farm's motion to strike Ms. Williams' Second Amended Complaint and strikes Ms. Williams' Second Amended Complaint (Dkt. Nos. 7; 15). The Court denies without prejudice Ms. Williams' motion for leave to amend (Dkt. No. 8). She may refile her motion for leave to amend,

if she persists in her request to amend. The Court denies Ms. Williams' motion for hearing (Dkt. No. 21).

It is so ordered this 27th day of March, 2024.

_____
Kristine G. Baker
Chief United States District Judge